UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE LEE DANIELS,

    Petitioner,

v.                                                Case No: 8:17-cv-348-T-30TGW
                                                    Crim. No: 8:14-cr-265-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.

## ORDER OF DISMISSAL

Before the Court is the Petitioner's Response (Doc. 6)[1] to the Court's Order to Show Cause why his section 2255 motion should not be dismissed. In his response, Petitioner argues the Court should consider his section 2255 motion under 18 U.S.C. section 2255(f)(3) because *Mathis v. United States*, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), identified a right that was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. The Court disagrees because *Mathis* did not announce a new rule. *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) ("*Mathis* did not announce a new rule. And courts applying *Mathis* have consistently reached the same conclusion."); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016); *Smith v. United States*, No. CR608-030, 2017 WL 1745057, at *1 (S.D. Ga. May 3, 2017); *Hernandez V. United States*, No.

---

[1] Petitioner erroneously titles his response "Motion to Show Cause Why § 2255 Should Not Be Dismissed."

A-09-CR-513(1) LY, 2017 WL 2126877, at *1 (W.D. Tex. May 16, 2017). As such, the Court concludes Petitioner has not shown cause why his motion should be dismissed as time-barred.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This cause is DISMISSED without prejudice.

2. All pending motions are denied as moot.

3. The Clerk is directed to close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, this 8th day of June, 2017.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record